Patricia Louise BULLOCK,
Plaintiff and Appellee,

v.

Gerald Earl BULLOCK, Defendant
and Appellant.

Civ. No. 10906.

Supreme Court of North Dakota.

Oct. 28, 1985.

Karen Wills [argued], of Kuchera, Stenehjem & Wills, Grand Forks, for defendant and appellant.

Warren D. Johnson, Jr., under Limited Practice of Law by Law Students [argued], and appearance by Alan J. Larivee, Grand Forks, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by Gerald Earl Bullock from that portion of an amended judgment of divorce which pertains to the award of continuing spousal support following the remarriage of Patricia Louise Bullock Harris. The judgment of divorce was granted by the District Court of Grand Forks County, and was affirmed by this court in *Bullock v. Bullock*, 354 N.W.2d 904 (N.D.1984). We affirm.

Patricia Louise Bullock Harris [Patricia] and Gerald Earl Bullock [Gerald] were married for seventeen years. In August 1983 they were granted a divorce. Pursuant to the 1983 divorce judgment, Gerald was required to pay $1,200 per month spousal support to Patricia. The 1983 divorce judgment continued spousal support until Patricia's death. On June 19, 1984, Patricia remarried. In October 1984 Gerald moved to amend the judgment of divorce and terminate the award of $1,200 per month spousal support on the basis of Patricia's remarriage. The resultant amended judgment reduced the spousal support award from $1,200 per month to $800 per month, effective July 1984, and payable through and including December 1985.

The primary issue on appeal is whether or not the district court's award of rehabilitative spousal support following Patricia's remarriage is clearly erroneous.

Remarriage of the spousal support recipient makes out a prima facie case which requires the court to terminate spousal support in the absence of proof of extraordinary circumstances. *Nugent v.* *Nugent*, 152 N.W.2d 323, 328 (N.D.1967); *see also Nastrom v. Nastrom*, 262 N.W.2d 487, 490 (N.D.1978) (*Nastrom 1* ); *Bauer v. Bauer*, 356 N.W.2d 897, 898 (N.D.1984). Remarriage, therefore, does not ipso facto end the former husband's spousal support obligation. *Nugent* at 327.

Rehabilitative spousal support is designed to provide education, training, or experience that will enable the disadvantaged spouse to achieve "suitable" and "appropriate" self-support. O'Kelly, *Three Concepts of Alimony in North Dakota Law*, 1 N.D. Faculty J. 69, 75 (1982). We have found that when the circumstances are appropriate, rehabilitative spousal support may continue after the remarriage of the disadvantaged spouse. *Bauer, supra.* The trial court found that the instant circumstances are appropriate for the continuance of rehabilitative spousal support. Patricia obtained her undergraduate degree in teaching. The trial court found that before she could resume teaching she must be recertified. Thus, rehabilitative spousal support was awarded to cover her expenses during the recertification process.

Our review of the findings of fact is governed by Rule 52(a) of the North Dakota Rules of Civil Procedure. The findings of fact will not be disturbed upon review unless found to be clearly erroneous, either upon a clear demonstration that a finding of fact lacks substantial evidentiary support or that it is induced by an erroneous view of the law. *Fine v. Fine*, 248 N.W.2d 838, 841 (N.D.1976). While we may have viewed the facts differently if we were the initial trier of fact, this does not entitle us to reverse the trial court.

The trial judge has the responsibility of weighing the evidence as well as determining the credibility of the witnesses. The trial judge in the instant case is the same judge who presided at the divorce proceedings. He was familiar with all of the facts adduced as a result of the divorce proceedings and he consequently determined that Patricia receive rehabilitative spousal support of $800 per month for eighteen

months. We have carefully reviewed the record and find the trial court was not clearly erroneous. Accordingly, we affirm.

ERICKSTAD, C.J., and MESCHKE and VANDE WALLE, JJ., concur.

LEVINE, Justice.

I concur in the result.