**Stephen Lyle McDONOUGH, Plaintiff, Appellee, and Cross-Appellant,**

v.

**Margaret Susan McDONOUGH, Defendant, Appellant, and Cross-Appellee.**

**Civ. No. 11 185.**

Supreme Court of North Dakota.

Oct. 28, 1986.

---

Robert A. Alphson & Associates, Grand Forks, for plaintiff, appellee and cross-appellant; argued by Lael L. Schmidt.

Richard W. Olson, Grand Forks, for defendant, appellant, and cross-appellee.

LEVINE, Justice.

In this appeal from a divorce judgment we hold that the trial court's distribution of property, award of spousal and child support, and award of custody of the couple's child to the mother are not clearly erroneous. Therefore, we affirm the judgment of the trial court on these issues pursuant to Rule 35.1(a)(2) of the North Dakota Rules of Appellate Procedure. We reverse that portion of the judgment which awards Margaret McDonough attorney's fees of $5,000.00.

Both parties contest the trial court's award to Margaret McDonough of $5,000.00 for attorney's fees. Margaret claims the award is insufficient, while Stephen McDonough argues there is no evidence to support the award.

■ A trial court's decision in awarding attorney's fees will not be disturbed on appeal unless the party appealing affirmatively establishes the trial court abused its discretion. *Heller v. Heller,* 367 N.W.2d 179, 184 (N.D.1985). The factors to be considered by the trial court when awarding attorney's fees include the property owned by each party as a result of the property division, the relative income, whether the property is liquid or fixed assets, and whether or not the actions of the parties unreasonably increased the time spent on the case. *Jondahl v. Jondahl,* 344 N.W.2d 63, 73 (N.D.1984).

Based on these factors, we believe that an award of attorney's fees to Margaret was not an abuse of discretion. However, given the absence of any evidence to support the award of $5,000.00, our review of its reasonableness is stymied.

■ To provide for a meaningful review of the reasonableness of the attorney's fees awarded, evidence is necessary. *City of Bismarck v. Thom,* 261 N.W.2d 640, 647 (N.D.1977). *See also In re Estate of Vertin,* 381 N.W.2d 199 (N.D.1986). Where no evidence is introduced, it is impossible for this Court to review the trial court's exercise of discretion. We recognize that a trial court is considered an expert in determining the value of reasonable attorney fees. *First Trust Co. of North Dakota v. Conway,* 345 N.W.2d 838, 844 (N.D.1984); *Nygaard v. Robinson,* 341 N.W.2d 349, 360 (N.D.1983). However, without an adequate record to support the trial court's assessment of value, our review is reduced to rank speculation. *See City of Bismarck v. Thom, supra,* 261 N.W.2d at 647.

Accordingly, we reverse and remand for the trial court to give the parties an opportunity to present evidence of the reasonable amount to be awarded Margaret for attorney's fees. The remainder of the judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.