Michael S. McINTEE, Plaintiff, Appellant and Cross-Appellee,

v.

Dena O. McINTEE, Defendant, Appellee and Cross-Appellant.

Civ. No. 11375.

Supreme Court of North Dakota.

Sept. 29, 1987.

Teevens, Johnson & Montgomery, Minot, for plaintiff, appellant and cross-appellee; argued by Bruce Montgomery.

R. Lee Hamilton, Grand Forks, for defendant, appellee and cross-appellant.

LEVINE, Justice.

In this appeal and cross-appeal from a divorce judgment we hold that the trial court's partial vacation of default judgment is not an abuse of discretion. We also hold that property division and spousal support are not clearly erroneous. Accordingly, we affirm the judgment on these issues in accordance with Rule 35.-1(a)(2) and (4), North Dakota Rules of Appellate Procedure.

Michael McIntee also contests the $3,500.00 award of attorney's fees to Dena

McIntee. In *McDonough v. McDonough*, 395 N.W.2d 149 (N.D.1986), we held that an award of attorney's fees must be supported by evidence. There is no evidence in this record by which we can review the reasonableness of the amount of fees awarded. Therefore, we reverse the award of attorney's fees and remand for the trial court to receive evidence of the reasonable amount to be awarded Dena for attorney's fees.

Dena also requests attorney's fees on appeal. The trial court denied Dena's motion without prejudice, concluding that "the relief is best addressed to the North Dakota Supreme Court." In non-divorce cases this court is not unanimous on whether it or the trial court should decide the issue of attorney's fees on appeal. *See Carlson v. Dunn County*, 409 N.W.2d 111 (N.D.1987). However, there is no similar disagreement over attorney's fees on appeal in divorce cases. We prefer that the trial court make the initial determination of attorney's fees on appeal. *Wolfe v. Wolfe*, 391 N.W.2d 617 (N.D.1986). We believe the trial court is in the better position to consider the special factors relevant to an award of attorney's fees under NDCC 14-05-23 relating to the financial status of the parties and the need for and ability to pay attorney's fees. These factors are best developed in the fact-finding arena of a trial court. *See Heller v. Heller*, 367 N.W.2d 179 (N.D.1985.)

Accordingly, we reverse and remand for re-determination of the amount of attorney's fees to be awarded Dena for services rendered through trial, as well as for consideration of Dena's request for attorney's fees on appeal. The remainder of the judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE and MESCHKE, JJ., and PEDERSON,* Surrogate Justice, concur.

* PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.