**Bonnie L. SEVERSON, Plaintiff and Appellee,**

v.

**Randy D. SEVERSON, Defendant and Appellant.**

**Civ. No. 910307.**

Supreme Court of North Dakota.

March 19, 1992.

McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendant and appellant; argued by Donald L. Peterson.

Farhart, Lian, Maxson, Howard, Sorensen & Louser, Minot, for plaintiff and appellee; argued by Judith E. Howard.

ERICKSTAD, Chief Justice.

Randy Severson appeals from those parts of the District Court for Ward County judgment of divorce which relate to the division of the parties' marital assets and the award of attorney's fees. On appeal, Randy argues that the district court's property division was clearly erroneous and that its award of attorney's fees was an abuse of discretion.[1] Pursuant to Rule 35.-1(a)(2) and (4), N.D.R.App.P., the judgment of the district court is affirmed. Bonnie Severson's motion for single or double costs, including reasonable attorney's fees, filed in our Court in conjunction with the

---

1. On appeal both parties challenged or defended the district court's attorney's fees award under the clearly erroneous standard. We have previously said that we will not set aside a district court's award of attorney's fees unless the trial court abused its discretion. *Lucy v. Lucy,* 456 N.W.2d 539, 544 (N.D.1990); *Bagan v. Bagan,* 382 N.W.2d 645, 649 (N.D.1986).

appeal to our Court based on Rule 38, N.D.R.App.P., is denied.

However, Bonnie has additionally requested, apart from Rule 38, N.D.R.App.P., that we award her additional reasonable attorney's fees for the appeal or, in the alternative, remand the issue of attorney's fees on appeal to the district court.[2] We remand this issue to the district court.

■ In this case, Randy appealed from the judgment of the district court on August 29, 1991. On November 6, 1991, Bonnie moved for an award of attorney's fees for the appeal. On December 13, 1991, the district court granted Bonnie's motion and awarded her $1,000 as partial attorney's

fees for the appeal.[3] In asking for additional attorney's fees in conjunction with the appeal to this Court, Bonnie essentially asserts that she should be able to receive a preliminary award of attorney's fees in order to finance the appeal and then receive additional attorney's fees, if the initial award of attorney's fees was insufficient to cover her reasonable attorney's fees and costs on appeal. We agree if, under the circumstances, this would be reasonably necessary. *See Fischer v. Fischer*, 139 N.W.2d 845, 854–856 (N.D.1966) (attorney fees at trial level); *Zundel v. Zundel*, 146 N.W.2d 903, 904–906 (N.D.1966) (attorney fees and costs on appeal); *see also Heller v. Heller*, 367 N.W.2d 179, 184 (N.D.1985).[4]

---

2. In her brief to this Court, Bonnie "requested" that we award her reasonable attorney's fees and costs for defending this appeal. In a separate motion to this Court, which was captioned as being pursuant to Rule 38, N.D.R.App.P., Bonnie asked for single or double costs, including reasonable attorney's fees. The motion stated that it was "made on all the records and files herein and on the attached brief." In the attached brief, Bonnie asked for alternative relief as follows:

> "If the court should determine that Bonnie is not entitled to double costs, including reasonable attorney fees pursuant to Rule 38 of the North Dakota Rules of Civil Procedure [sic, Rule 38 N.D.R.App.P.], it is respectfully requested that Bonnie be awarded her attorney fees and costs on appeal as requested in Appellee's Brief on appeal."

Although Bonnie's counsel's attempt to invoke this Court's original jurisdiction to award attorney's fees on appeal, separate from Rule 38, N.D.R.App.P., is not a model to be followed, it does raise the issue of the propriety of attorney's fees on appeal separate from Rule 38, N.D.R.App.P., fees and costs.

3. The district court's, post-judgment order for attorney's fees on appeal was not appealed. However, we do note the following comments of the court in regard to its order:

> "The estimate, I believe, is $3,000 for the appeal. That could be just a little optimistic. I think that I do have jurisdiction based on decisions like *Orwick vs. Orwick.*
>
> "As to the propriety of ordering attorney fees at this point I have some, I think, valid questions as to whether her interests would be best served by waiting until afterward, but that's her decision to make and your decision as her attorney, so I will go ahead and consider the issue now.
>
>      \*    \*    \*    \*    \*    \*
>
> "... I think clearly this is a case for awarding partial attorney fees. Like I say, I would

prefer to be somewhat conservative and I am reluctant to do this because I envision motions coming back into court before this case gets into appeal.

> "I am going to award attorney fees in the sum of $1,000. Frankly, had this been remanded after the appeal I may have considered a higher amount. But I think not knowing what total costs are going to be—I would never in any event award her the total costs of appeal. I think $1,000 is a good start.
>
>      \*    \*    \*    \*    \*    \*
>
> "... She has a definite amount. That's what Bonnie Severson asked for. And the Supreme Court can do what they want when they get up there on oral arguments. If they remand it for further arguments, I will deal with it when the time comes."

4. We recognize that a contrary holding in this case would force many spouses and their attorneys into making a difficult choice. On one hand, they could seek an award of attorney's fees at the district court in the early stage of the appeal, with the risk that the award might be a conservative estimate that would not in the end cover the actual fees and expenses associated with the appeal. Alternatively, the spouse or the attorney could "advance" the fees and costs associated with the appeal and later seek to be reimbursed through an award. (*See* Rule 1.8(e) of the North Dakota Rules of Professional Conduct.) Additionally, we note that many spouses or their attorneys may well have no real choice but to seek an early award in order to finance the appeal. Parties who are forced to receive an early award of fees and costs in order to finance an appeal should not, in the end, receive less than a party who can or whose attorney can advance the initial costs and fees for the appeal. This would be contrary to the intent of section 14–05–23, N.D.C.C.

Section 14–05–23, N.D.C.C., sets forth the statutory basis for awarding attorney's fees in divorce actions.[5] We have noted that under this section we have concurrent original jurisdiction with the district court to award attorney's fees on appeal. *Roen v. Roen*, 438 N.W.2d 170, 174 (N.D.1989); *Orwick v. Orwick*, 152 N.W.2d 95, 96 (N.D.1967). However, as we are an appellate court and exercise original jurisdiction rarely, as attorney's fees and costs involve the necessity of determining facts, and as we ordinarily do not determine facts, we prefer that the district court initially make the determination of attorney's fees even in conjunction with an appeal to our Court. *McIntee v. McIntee*, 413 N.W.2d 366, 367 (N.D.1987). When a party to a divorce action makes a motion in this Court for an award of attorney's fees on appeal, we generally remand the issue to the district court for a determination. *Roen v. Roen*, 438 N.W.2d at 174.

Accordingly, we remand this case to the district court for a determination of the issues of whether or not additional fees and costs should be awarded Bonnie in conjunction with this appeal, and, if they should be awarded, the amount thereof.

Ordinary costs on appeal are awarded to Bonnie.

VANDE WALLE, LEVINE and MESCHKE, JJ., and LAWRENCE A. LECLERC, District Judge, concur.

LAWRENCE A. LECLERC, District Judge, sitting as a member of the Court to fill the vacancy created by the resignation of Justice H.F. Gierke III. Justice Johnson not being a member of this Court at the time this case was heard did not participate in this decision.

---

5. Section 14–05–23, N.D.C.C., provides:

   "*14–05–23. Temporary support, attorney fees, and custody.* During any time in which an action for divorce is pending, the court, upon application of a party, may issue, ex parte, an order requiring a party to pay such support as may be necessary for the support of a party and any minor children of the parties *and attorney fees* and awarding custody of any minor children to any party. Such orders may be issued and served in accordance with such rules as are promulgated and filed with the clerks of the district courts within the judicial district from time to time by the district judges of the judicial district. The party to whom the order is directed has the right, upon motion, to have a hearing upon the necessity for the issuance of such an order or the amounts to be paid, and unless such a motion is served and filed in the office of the clerk of the district court within five days after service of an order issued under the provisions of this section, the order is final and nonappealable pending a final determination of the issues raised by the pleadings or until further order of the court. [Emphasis added.]"