**Gregory LeRoy CULVER, Plaintiff and Appellant,**

v.

**Jacqueline Leah CULVER, Defendant and Appellee.**

**Civ. No. 920229CA.**

Court of Appeals of North Dakota.

March 11, 1993.

Donald L. Peterson (argued), of McGee, Hankla, Backes & Wheeler, Ltd., Minot, for plaintiff and appellant.

Judith E. Howard, Minot, for defendant and appellee.

PER CURIAM.

Gregory Culver appeals from a divorce decree dissolving Gregory's marriage with Jacqueline Culver because of irreconcilable differences. Gregory challenges the trial court's division of property and award of spousal support. We hold that the trial court's property division and award of spousal support are not clearly erroneous. Consequently, we affirm the judgment and remand for a determination by the trial court on Jacqueline's request for attorney fees on this appeal.

Gregory and Jacqueline were married in 1977. They have three children born of this marriage: Brandon, age 12, born February 3, 1981; Amanda, age 9, born November 25, 1983; and Casey, age 3, born November 16, 1989.

Jacqueline acquired a three-year nursing diploma prior to marrying Gregory; she did not obtain further formal education during the marriage. Gregory acquired several years of undergraduate education before the marriage, and during the marriage Gregory completed two more years of undergraduate education, five years of medical school education, and three years of residency training.

Jacqueline worked throughout the marriage to support the family while Gregory studied for his medical degree and his family practice specialty. The trial court found that Gregory and Jacqueline "struggled and worked hard to advance [Gregory's] professional and educational level." The court found that their early life was "austere and difficult" and that at times throughout the marriage Gregory was "emotionally abusive" to Jacqueline. Jacqueline admits to marital infidelity on several occasions during the marriage. She explains that these indiscretions happened because Gregory made her feel worthless and she was reaching out for acceptance and companionship.

Gregory's parents gave him $115,000 to assist him in acquiring his medical degree. The trial court found that Gregory did not incur a legal indebtedness to repay his parents for this assistance, but that, "at most" Gregory had a "moral obligation" to repay his parents.

At the present time Gregory is employed as a physician by Towner County Medcenter, Inc., earning $108,000 per year with a net monthly income of $6,600. Jacqueline is employed as a nurse, with significant

earning ability. Although the trial court did not specify what Jacqueline earns, Gregory asserts that Jacqueline's income is approximately $30,000 per year.

The trial court awarded custody of the three children to Jacqueline. The trial court found that it would impose an undue hardship on Gregory to require him to pay the amount of child support specified by the child support guidelines under Section 14–09–09.7, N.D.C.C., and Section 75–02–04.1–06 of the North Dakota Administrative Code. The trial court ordered Gregory to pay child support of $700 per child per month, for a total of $2,100 per month, to continue for each child until the child graduates from high school or attains 19 years of age, whichever occurs first. Gregory does not contest either the custody decision or the child support award.

The trial court divided the parties' marital property. Jacqueline received property worth about $21,000 free of any debt. Gregory received property valued at about $52,000 but was required to assume total debts of about $95,000. The trial court also awarded Jacqueline spousal support of $1,000 per month for ten years. Gregory asserts on appeal that the property division and award of spousal support are clearly erroneous. He seeks an order requiring Jacqueline to assume some of the $95,000 debt or, in the alternative, to have Jacqueline's spousal support award eliminated.

■ A trial court's determinations on matters of spousal support and property division are treated as findings of fact that will not be overturned on appeal unless they are clearly erroneous. *Fleck v. Fleck*, 427 N.W.2d 355 (N.D.1988). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979).

■ The trial court is required to make an equitable distribution of the parties' real and personal property. Section 14–05–24, N.D.C.C. There are not fixed rules by which a trial court must equitably divide the marital estate, and the determination of what is an equitable division is left within the discretion of the trial court, which is in a much better position to ascertain the true facts by listening to and observing the demeanor of the witnesses. *Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979). Although a property division need not be equal in order to be equitable, any substantial inequality must be explainable. *Hecker v. Hecker*, 448 N.W.2d 207 (N.D.1989).

■ It appears on its face that the parties received a significantly unequal split of the property, because Jacqueline received property valued at about $21,000 free of debt, while Gregory received property valued at $52,000 with a substantial debt of $95,000. Upon closer scrutiny, the disparity can be explained and justified. After Gregory and Jacqueline separated, Gregory purchased a condominium, a boat, a Jeep Wagoneer, and a camper. A substantial portion of the debt, about $34,000, can be attributed to those items. Also included as part of the $95,000 debt to be assumed by Gregory is a $25,000 educational loan, incurred for his medical degree. As part of Gregory's employment contract, his employer has agreed to pay that loan. These factors, together with Gregory's substantially greater earning ability than Jacqueline, explain the trial court's unequal division of the property. Consequently, we conclude that the property division is not clearly erroneous.

■ Gregory also asserts that the spousal support award to Jacqueline of $1,000 per month for ten years is clearly erroneous. One of the functions of spousal support is for rehabilitation of a party who has been disadvantaged by the divorce. *Oviatt v. Oviatt*, 355 N.W.2d 825 (N.D. 1984). In awarding spousal support, the court can consider a spouse's role in contributing to the other spouse's earning capacity which was developed and enhanced during the course of the marriage. *Hanson v. Hanson*, 404 N.W.2d 460 (N.D.1987). The trial court may also consider the disparate earning capacity of the parties, and it is of particular significance if the party requesting support has forgone opportuni-

ties or lost advantages as a consequence of the marriage or has contributed during the marriage to the supporting spouse's increased earning capacity. *Wahlberg v. Wahlberg*, 479 N.W.2d 143 (N.D.1992). The reviewing court will not disturb an award of spousal support if the reasons for it are fairly discernible. *Ness v. Ness*, 467 N.W.2d 716 (N.D.1991).

The trial court concluded that there were "equitable considerations compelling an award of spousal support" to Jacqueline. The trial court undoubtedly gave substantial consideration to the fact that Jacqueline, while married to Gregory for more than fourteen years, accepted an "austere and difficult" life so that Gregory could become a medical doctor, only to have the potential benefits of that sacrifice evaporate when Gregory left her. Thus, Jacqueline has been seriously disadvantaged by the divorce. Jacqueline worked outside the home during the marriage to support the family while Gregory obtained his medical degree. As a result, Gregory now has an earning capacity many times greater than Jacqueline's. Also, the trial court undoubtedly gave substantial consideration to the fact that Jacqueline endured emotional abuse by Gregory during the marriage.

Gregory's current net income is $6,600. After deducting all of Gregory's expenses, including the child support and spousal support payments, Gregory has a monthly surplus of at least $800. Consequently, this case is unlike the circumstances of *Weir v. Weir*, 374 N.W.2d 858 (N.D.1985), in which the North Dakota Supreme Court found it necessary to reduce the spousal support award because the evidence showed that the obligor had inadequate income to pay the original award of spousal support and also his debts and living expenses.

Jacqueline told the court that she wanted to be able to stay at home with the three children, without working full-time outside the home until the youngest child is in school. She then wants to return to college to obtain a four-year degree so that she can enhance her employment opportunities and earning potential beyond what

her three-year nursing diploma gives her. Considering all of these factors, the trial court awarded Jacqueline monthly spousal support for ten years so that she could stay at home to raise the children and then obtain a four-year degree. We are not convinced that the trial court made a mistake, and we conclude, therefore, that the award of spousal support is not clearly erroneous.

Jacqueline has requested an award of attorney's fees for this appeal. The North Dakota Supreme Court has on several occasions stated that the trial court is in a better position to rule on a motion for attorney's fees on appeal. *Roen v. Roen*, 438 N.W.2d 170 (N.D.1989); *Heller v. Heller*, 367 N.W.2d 179 (N.D.1985). Consequently, we remand to the district court to consider Jacqueline's request for attorney's fees on appeal.

The judgment of the district court is affirmed and the case is remanded for a determination of attorney's fees.

RALPH J. ERICKSTAD, Chief Surrogate Judge, and BERT L. WILSON and GORDON O. HOBERG, Surrogate Judges, concur.