Erika SATEREN, a/k/a Erika D. Sateren, Plaintiff and Appellant,

v.

Elmer D. SATEREN, a/k/a Elmer Dale Sateren, Defendant and Appellee.

Civ. No. 910393.

Supreme Court of North Dakota.

Aug. 19, 1992.

Jon J. Jensen, of Pearson, Christensen, Larivee and Fischer, Grand Forks, for plaintiff and appellant.

Kevin B. Spaeth, of Spaeth, Thelen, Johnson & Dearstyne, Grand Forks, for defendant and appellee. Appearance by Mary Johnson, Third Year Law Student.

VANDE WALLE, Justice.

Erika Sateren appealed from a district court judgment granting her a divorce. She challenges the distribution of the marital property, and the denial of spousal support. We reverse and remand.

Erika and Elmer Sateren were married in 1962. During the course of the marriage they acquired a small farming operation. They separated in 1990, and Erika commenced this action for divorce. During the pendency of the divorce action Elmer has remained on the farm, while Erika has enrolled in college. Elmer was ordered to pay $300 per month in interim support.

The trial court valued the marital assets at $76,960, less debts of $20,449. The court awarded Erika a car, cattle, and stored grain valued at $7,790. The court awarded Elmer cattle, stored grain, the machinery, and all of the land, including the parties' homestead, for a total value of $69,170. Elmer was ordered to pay the marital debts of $20,449. In an attempt to offset the obvious disparity, the court ordered Elmer to pay Erika $300 per month for 60 months as part of the property dis-

tribution. The court calculated the property distribution as follows:

|  | Erika | Elmer |
|---|---|---|
| Property | 7,790 | 69,170 |
| Cash Settlement | 18,000 | (18,000) |
| Debts |  | 20,449 |
|  | $25,790 | $30,721 |

The trial court determined that Elmer's limited earnings, $9,003 in 1990, are heavily burdened by his debts and the court-ordered property settlement to Erika. Erika attends the University of North Dakota studying languages and hopes to become a translator following her graduation around 1994. The trial court found that Erika should earn $18,000 a year following graduation. The trial court observed that Erika had been able to continue her education with the $300 per month she was receiving from Elmer as temporary support and that she would receive the same amount from Elmer as property settlement. The trial court denied Erika's request for rehabilitative spousal support, concluding that the $300 per month property payments, along with Erika's own opportunities for student aid and employment, should allow her to continue her education without spousal support.

On appeal, Erika asserts that the trial court erred in failing to discount the cash settlement to present value and in failing to award rehabilitative spousal support.

## I. PROPERTY DISTRIBUTION

■ We have consistently held that "periodic cash payments without interest awarded as part of a property distribution must be discounted to present value in determining whether or not the distribution is equitable." *Lucy v. Lucy*, 456 N.W.2d 539, 542 (N.D.1990); see also *Pankow v. Pankow*, 347 N.W.2d 566 (N.D.1984); *Tuff v. Tuff*, 333 N.W.2d 421 (N.D.1983). The reason for the rule is obvious: if the payments are not discounted to present value, the court is relying upon an artificial value when it distributes the property. When one party receives property which is clearly worth less than the value ascribed to it by the trial court, a reviewing court cannot determine whether the resulting property distribution is equitable. Therefore, it is necessary to discount periodic payments to present value.[1]

The trial court did not provide for interest on the periodic payments, nor did it discount the payments to present value when calculating the property distribution. Elmer concedes that the trial court failed to comply with controlling caselaw, but urges that the error may be viewed as de minimis. Alternatively, Elmer concedes that the twelve percent interest rate applicable to judgments under Section 28–20–34, N.D.C.C., may be used to modify the judgment on appeal, thereby saving the parties the cost of further proceedings.

■ We do not view the error in this case as de minimis. According to calculations provided by Erika, and not disputed by Elmer, the present value of 60 monthly

---

1. The converse is also true: when interest is awarded on a cash property distribution by periodic payments, the dollar value of the interest paid should not be included when calculating the value of the property distributed to each spouse. In *Kitzmann v. Kitzmann*, 459 N.W.2d 789 (N.D.1990), the trial court attempted to equalize the property division by awarding the wife a substantial cash payment amortized over ten years at six percent interest. In calculating the property distribution the court included in the wife's share the interest to be paid to her by the husband. In remanding for recalculation of the property distribution, we stated:

"But we have not recognized that interest— required to be paid in order to avoid the inequitable distribution that would arise from a present-value distribution to one spouse and deferred distribution to the other spouse— also may be considered as part of the basic distribution to determine whether or not that distribution is equitable. To do so, particularly at an interest rate of six percent, is to disadvantage the payee, *i.e.*, the interest would be considered not only for the purpose of compensation for delay in receipt of the share of the marital estate, but also to increase the amount of the basic distribution to determine whether or not that distribution is equitable in the first instance. While interest at the rate of six percent may be used to avoid discounting the deferred payment to present value, it cannot, as here, be used to increase the amount of the basic distribution to determine if that distribution is equitable at the outset."

*Kitzmann v. Kitzmann, supra*, 459 N.W.2d at 793.

payments of $300, assuming an interest rate of twelve percent,[2] is $13,486.54. Thus, Erika received $4,500 less, and Elmer retained $4,500 more, of the parties' marital property than was recognized by the trial court. This is not a de minimis amount relative to the value of the distributed property.

Elmer's suggestion to preserve the decision of the trial court by applying the statutory interest rate on judgments of twelve percent under Section 28–20–34, N.D.C.C., is appealing insofar as it would save the parties time and expense of further proceedings. However, not only is that contrary to our normal procedure of remand to the trial court to reexamine the property distribution where there has been a failure to discount periodic payments to present value, e.g., Lucy v. Lucy, supra, our concern with the merits of the second issue raised by Erika convinces us that a reversal and remand for further consideration is appropriate.

## II. SPOUSAL SUPPORT

Erika asserts that the trial court erred in failing to award her rehabilitative spousal support. A trial court's determination on the matter of spousal support is a finding of fact which will only be set aside on appeal if it is clearly erroneous. *Kaiser v. Kaiser*, 474 N.W.2d 63 (N.D.1991); *Lucy v. Lucy, supra.* The complaining party bears the burden of demonstrating that a finding is erroneous, and a finding is clearly erroneous only when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Branson v. Branson*, 411 N.W.2d 395 (N.D.1987).

In determining whether to award spousal support many factors must be considered, including the needs of the party disadvantaged by the divorce as well as the supporting spouse's needs and ability to pay. *Lucy v. Lucy, supra; Branson v. Branson, supra.* Because property division and spousal support often overlap, they should be examined and resolved together. *Pfliger v. Pfliger*, 461 N.W.2d 432 (N.D.1990). In assessing whether an award of spousal support is appropriate, a determinative factor is whether the income is sufficient to permit each party to maintain apart the standard of living enjoyed together. *Branson v. Branson, supra.* These considerations, however, must always "be tempered by the necessities of reality." *Branson v. Branson, supra*, 411 N.W.2d at 398.

The trial court found that Elmer was financially unable to pay spousal support. The record demonstrates that Elmer's farm income is, at best, modest. Elmer was ordered to pay all of the marital debt and to make periodic payments to Erika as part of the property distribution. Those payments may be increased as a result of our opinion. It is apparent that Elmer is unable to pay rehabilitative spousal support as well as make monthly payments as part of property distribution. Nevertheless, Erika's situation is a classic example of the need for and appropriate application of rehabilitative support. *See, e.g., Weigel v. Kraft*, 449 N.W.2d 583, 586 (N.D.1989) ["Rehabilitative spousal support is awarded to provide an opportunity for a disadvantaged spouse to seek education, training, or experience that will enable the spouse to become self supporting."]

The trial court's order, although it requires Elmer to pay $300 per month to Erika and thereby assist her in obtaining a college degree, also requires that Erika use her property settlement to obtain that degree while permitting Elmer to retain income-earning property and use the income from that property to make those payments. Thus in 1994 Elmer would be left with his income-producing property and the future income therefrom. Erika would

---

**2.** We recognize that when discounting periodic payments to present value the current market interest rate would ordinarily be applied in making that calculation. In this case, we are not discounting the payments to present value, but Erika's calculations are used only to illustrate the obvious disparity in the property distribution. In addition, Elmer did not dispute Erika's calculations and conceded a twelve percent interest rate as a remedy for the trial court's erroneous property distribution.

have the personal ability to earn in the future but no property. Because it is to the advantage of both parties that Erika obtain a college degree in order that she have the opportunity to become self-supporting, the trial court should consider the payment of spousal support if the periodic payments of property division can be structured or delayed so that Erika's needs as well as Elmer's needs and ability to pay can be accommodated.[3] *See Smith v. Smith*, 326 N.W.2d 697 (N.D.1982). Our remand will permit the trial court to examine and resolve together the overlapping issues of the property division and spousal support. *Pfliger, supra.*

We reverse and remand for further proceedings consistent with this opinion.

LEVINE, MESCHKE and JOHNSON, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of ERICKSTAD, C.J., disqualified.

**3.** Erika, for example, suggested at trial a delay in income from her share of the property during the time spousal support payments were made. A delay in the periodic property distribution payments during a period in which spousal support is paid would be an alternative. The parties may suggest other alternatives and we do not intend to exclude any alternatives available to the trial court.