Steven E. **VOLSON,** Plaintiff and Appellant

v.

**Kathrin A. VOLSON,** Defendant and Appellee.

Civil No. 950225.

Supreme Court of North Dakota.

Feb. 1, 1996.

Donald T. Campbell (argued), of Pringle & Herigstad, P.C., Minot, for plaintiff and appellant. Appearance by Steven E. Volson.

Walter Mathias Lipp, McClusky, for defendant and appellee. Submitted on brief.

NEUMANN, Justice.

Steven Volson appeals from a divorce decree, alleging the trial court erred in dividing the parties' marital property. We hold the trial court's valuation of the real property was clearly erroneous, and we reverse and remand for a redetermination of the property distribution.

Steven and Kathrin Volson were married in June 1990. One daughter, Julie Ann, was born of the marriage. During the marriage, the parties acquired a 400–acre farmstead, originally owned by Steven's mother and father, on which they raised cattle. In September 1993 Steven filed for a divorce. At the time of trial Steven had moved off the farmstead and was working as a truck driver. Kathrin remained on the farmstead, with Julie Ann, and continued to operate the farmstead and cattle operation.

The trial court entered a judgment on June 2, 1995, granting Steven a divorce from Kathrin on the grounds of irreconcilable differences. The trial court valued the gross marital estate at $110,555 and valued the 400–acre farmstead, the primary asset, at $60,000. The court awarded Kathrin property with a gross value of $64,485 and a net value of $39,407. Steven received the balance of the marital property, with a gross value of $46,070 and a net value of $34,719. As part of the property distribution, Steven and Kathrin each received an undivided one-half interest in the farmstead as tenants in common. The court valued each parties' interest in the farmstead at $30,000, or one-

half of its total value. However, the court specifically made Steven's interest "subject to [Kathrin's] right of possession" in it. The court decreed, "[Kathrin] will have the right to receive all rents and profits from the farm without paying any rents to [Steven] as long as she resides on the farm and operates the farm, maintains the farm and pays all of the real estate taxes. Leasing a part of the land for cash rent is considered operating the farm." The court gave Steven no right to receive any rent or profits from the farmstead unless and until Kathrin decides to live elsewhere or not operate the farm. Steven appealed from the judgment, asserting this property distribution is inequitable.

 Upon granting a divorce, the trial court is required to distribute the parties' real and personal property as may seem just and proper. Section 14–05–24, N.D.C.C. The court must make an equitable distribution of the property, depending on the facts and circumstances of each individual case. *Heley v. Heley*, 506 N.W.2d 715 (N.D.1993). To make an equitable distribution the court must first determine the net worth of the parties' assets. *Schatke v. Schatke*, 520 N.W.2d 833 (N.D.1994). A trial court's findings on the valuation and distribution of marital property will not be set aside on appeal unless they are clearly erroneous under Rule 52(a), N.D.R.Civ.P., or they are induced by an erroneous conception of the law. *Welder v. Welder*, 520 N.W.2d 813 (N.D.1994). A finding of fact is determined to be clearly erroneous when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Lucy v. Lucy*, 456 N.W.2d 539 (N.D. 1990).

In dividing the marital estate, the trial court awarded Steven and Kathrin an undivided one half interest, as tenants in common, in the farmstead and valued each interest at $30,000. We are left with a firm and definite conviction that the trial court's valuation of each parties' interest in the farmstead at $30,000 is clearly erroneous. Unless and until Kathrin decides to live off the farmstead or not to operate the farm, she has the right to receive all rents and profits from it. The chief attribute of a tenancy in common is unity of possession by the joint owners, with each sharing a common right to possession of the entire interest and a separate claim to a fractional share of the property. Powell on Real Property, Vol. 4A, ¶ 601(1). Generally, each tenant in common is equally entitled to the use, benefit, and possession of the common property. *See Stevahn v. Meidinger*, 79 N.D. 323, 57 N.W.2d 1 (N.D.1952). Here, the court has carved out a significant part of Steven's tenancy interest, without making any corresponding adjustment in the value of that interest, as compared to the value of Kathrin's interest. Consequently, we conclude the trial court's valuation is clearly erroneous.

Because the property distribution made by the trial court is based, in part, upon an erroneous valuation of the parties' major marital asset, it is appropriate to remand to allow the trial court to make a redetermination of the property distribution, based upon a correct valuation. *See Lippert v. Lippert*, 353 N.W.2d 333 (N.D.1984). Accordingly, the judgment is reversed and the case is remanded for a redetermination of the property distribution.

VANDE WALLE, C.J., LEVINE and SANDSTROM, JJ., and WILLIAM M. BEEDE, Surrogate Judge, concur.

WILLIAM M. BEEDE, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.