2001 ND 4

**Richard Henry MARSCHNER,
Plaintiff and Appellee,**

v.

**Carol MARSCHNER, Defendant
and Appellant.**

No. 20000172.

Supreme Court of North Dakota.

Jan. 30, 2001.

340

---

Michael S. McIntee, McIntee Law Firm, Towner, ND, for plaintiff and appellee.

Kelly Ann Dillon, Minot, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Following a thirty-seven year marriage, Richard and Carol Marschner were divorced. After the divorce trial, Carol Marschner moved for a new trial, alleging, among other things, that the district court erred in including her inheritance from her mother in the marital estate and in not awarding spousal support. The district court denied the motion, and Carol Marschner appealed. We reverse and remand for further proceedings.

I

[¶ 2] Carol Marschner was married to Richard Marschner in 1962. At the time of trial she was 58 years old. Her married life was spent on the farm where she fulfilled the usual duties of a wife and mother and, like many women married to men who farm, assisted in the farming operation in various ways. Carol Marschner has some health problems, but the primary obstacles to meaningful employment are limited skills needed in the job market.

II

[¶ 3] Because Carol Marschner did not receive her inheritance until after she was separated from her husband, she argues her inheritance is separate property and should not be included in the marital estate. An asset accumulated while spouses are still married is includable in the marital estate even though the spouses are separated. *Keig v. Keig,* 270 N.W.2d 558, 560 (N.D.1978). However, the source of the property is a factor for the court to consider in making an equitable distribution. *Linrud v. Linrud,* 552 N.W.2d 342, 344 (N.D.1996); *van Oosting v. van Oosting,* 521 N.W.2d 93, 96 (N.D.1994).

[¶ 4] Equitable distribution of marital property is based upon the facts and circumstances of each case. *Zuger v. Zuger,* 1997 ND 97, ¶ 6, 563 N.W.2d 804 (citing N.D.C.C. § 14-05-24; *Volson v. Volson,* 542 N.W.2d 754, 756 (N.D.1996)). The findings of fact of the trial court "are presumptively correct, and the complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous." *Id.* The district court discussed each of the *Ruff Fischer* guidelines in determining the value of and division of the marital property. Carol Marschner does not argue the distribution was inequitable, but rather argues the district court erred in including the inheritance in the marital estate.

[¶ 5] North Dakota law requires inclusion of inheritance in the marital estate even if the parties have separated. *Keig,* 270 N.W.2d at 560; *Linrud,* 552 N.W.2d at 344; *van Oosting,* 521 N.W.2d at 96. We conclude the district court correctly included the inheritance as part of the marital estate.

III

[¶ 6] Carol Marschner argues the district court erred in not awarding her spousal support. There are two types of spousal support. Permanent spousal support, to provide traditional maintenance, is appropriate for a spouse who is incapable of rehabilitation. *Heley v. Heley,* 506 N.W.2d 715 (N.D.1993).

Rehabilitative spousal support is awarded to provide a disadvantaged spouse time and resources to acquire education, training, work skills or experience which will enable the spouse to become self-supporting. *Id.* An award of spousal support must be made in light of the needs of the disadvantaged spouse and of the supporting spouse's needs and ability to pay. *Young v. Young,* 1998 ND 83, ¶ 7, 578 N.W.2d 111 (citing *Mahoney v. Mahoney,* 1997 ND 149, ¶ 28, 567 N.W.2d 206).

[¶ 7] Spousal support determinations are findings of fact and will not be reversed on appeal unless they are clearly erroneous. *Young v. Young,* 1998 ND 83, ¶ 7, 578 N.W.2d 111 (citation omitted). A finding of fact is clearly erroneous if it has no support in the evidence or, if there is some evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Miller Enterprises v. Dog N' Cat Pet Centers,* 447 N.W.2d 639, 644 (N.D.1989). A finding of fact is also clearly erroneous if it was induced by an erroneous view of the law. *Manz v. Bohara,* 367 N.W.2d 743, 746 (N.D.1985).

[¶ 8] The district court specifically enumerated each factor under the *Ruff Fischer* guidelines. The district court sought to preserve the family farm by awarding it to Richard Marschner. In doing so, the court found a "substantial disparity" existed in the distribution and therefore ordered Richard Marschner to provide Carol Marschner cash in the amount of $50,000 to be paid either in a lump sum or over ten years with interest. The district court specifically found neither party was disadvantaged, and although Richard Marschner may have had "an income-earning advantage," the cash payoff and interest awarded to Carol Marschner resulted in no disadvantage to either party.

[¶ 9] The *Ruff Fischer* guidelines to consider include:

> the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Riehl v. Riehl,* 1999 ND 107, ¶ 8, 595 N.W.2d 10. The district court concluded the only factor favoring Carol Marschner was Richard Marschner's income-earning ability. The district court found, once Carol Marschner received her cash inheritance and once payments began on the liquid cash settlement, there would be no disadvantage to either party.

A

[¶ 10] "Upon granting a divorce, the trial court may compel either of the parties to make such suitable allowances to the other for support as the court may deem just." *Schiff v. Schiff,* 2000 ND 113, ¶ 42, 611 N.W.2d 191; N.D.C.C. § 14–05–24. "The determination whether to award spousal support must take into consideration the needs of the disadvantaged spouse and the supporting spouse's needs and ability to pay." *Moilan v. Moilan,* 1999 ND 103, ¶ 11, 598 N.W.2d 81, citing *Kautzman v. Kautzman,* 1998 ND 192, ¶ 19, 585 N.W.2d 561. A spouse is disadvantaged who has foregone opportunities or lost advantages as a consequence of the marriage and who has contributed during the marriage to the supporting spouse's increased earning capacity. *Wahlberg v. Wahlberg,* 479 N.W.2d 143, 145 (N.D.1992). A valid consideration in awarding spousal support is balancing the burden created by divorce. *Id.* The record reflects both Carol Marschner and Richard Marschner devoted a large portion of their lives to the Marschner family and to the family's farm. However, the district court noted the farm may no longer produce as much income. The district court further found the liquid settlement would be a "definite financial

burden" on Richard Marschner, and because of this burden, Richard Marschner does not have "a much better earning-capacity level" than Carol Marschner.

[¶ 11] The district court concluded Carol Marschner acquired bookkeeping and typing skills during the marriage, and those skills would help her obtain employment. Further, the court found, even though Richard Marschner presently has a greater earning ability, the settlement payment and liquid nature of Carol Marschner's distribution resulted in no advantage to either party. Further, the district court suggested the depressed farm economy may mitigate Richard Marschner's presently greater income-earning ability.

[¶ 12] The trial court found Carol Marschner was not a disadvantaged spouse because once Carol Marschner received her cash inheritance, and once payments began on the liquid cash settlement, there would be no disadvantage to either party. But that finding conflicts with the record which clearly reflects both Carol Marschner and Richard Marschner devoted a large portion of their lives to the family's farm. Carol Marschner will no longer be able to work the family farm in order to receive a return from that investment. The trial court found Carol Marschner has been, for the majority of the marriage, a homemaker, although she had accumulated some work skills prior to the marriage and she did the bookkeeping for the farming operation. It is apparent that as a result of Carol Marschner's responsibilities as a homemaker and helper to Richard Marschner in the family operation she is a disadvantaged spouse who has " 'foregone opportunities or lost advantages as a consequence of the marriage and who has contributed during the marriage to the supporting spouse's increased earning capacity.' " *Riehl v. Riehl,* 1999 ND 107, ¶ 9, 595 N.W.2d 10, quoting *Van Klootwyk v.. Van Klootwyk,* 1997 ND 88, 563 N.W.2d 377. When the marriage was dissolved, Richard Marschner retained the asset, the farm, including the home, he operated with Carol Marschner during his 37-year marriage. Carol Marschner was left with little or no experience and skills to find some other income earning vocation and, in addition, finding a new place to live and forge a new life. The burdens of the divorce are not balanced when there is no provision for spousal support for Carol Marschner. Because we are left with a definite and firm conviction that a mistake has been made, we conclude a finding that Carol Marschner was not disadvantaged by the divorce is clearly erroneous.

B

[¶ 13] Relevant to a spousal support determination is the distribution of marital property, the liquid nature of the property, and the income-producing nature of property. *Wetzel v. Wetzel,* 1999 ND 29, ¶ 20, 589 N.W.2d 889 (citing *Wiege v. Wiege,* 518 N.W.2d 708, 711 (N.D.1994)). "Questions of property division and spousal support cannot be considered separately or in a vacuum, but must be examined and dealt with together, especially when there is a large difference in earning power between the spouses." *Fox v. Fox,* 1999 ND 68, ¶ 22, 592 N.W.2d 541 (citing *Schmaltz v. Schmaltz,* 1998 ND 212, ¶ 17, 586 N.W.2d 852).

[¶ 14] The district court awarded each party a virtually equal share of the family assets, either in cash or in property. The farm, an income-producing asset, was awarded to Richard Marschner. The district court specifically found "the family farm has not been very profitable" and noted the farm economy is depressed.

[¶ 15] Richard Marschner testified his income from selling milk had dropped by a third, he was receiving over two dollars less per bushel for his grain, and he had been able to plant only one-third of his crop due to heavy moisture. The court also found the liquid nature of Carol Marschner's distribution and cash settlement would burden Richard Marschner and would essentially equalize any advantage he had over her. Our cases discussing

equitable distribution encourage trial courts to consider factors such as the income-producing nature or the liquid nature of an asset. *Wetzel,* 1999 ND 29, ¶ 20, 589 N.W.2d 889 (citing *Wiege,* 518 N.W.2d at 711).

[¶ 16] We have held that a disadvantaged spouse is not required to deplete her property distribution in order to live. *Fox v. Fox,* 1999 ND 68, 592 N.W.2d 541 citing *Bakes v. Bakes,* 532 N.W.2d 666, 669 (N.D.1995). We have reversed a decision of the trial court that required a spouse to use her property distribution payments to rehabilitate herself, while permitting the other spouse to retain income-earning property and use the income from that property to make the cash property distribution payments. *Sateren v. Sateren,* 488 N.W.2d 631 (N.D.1992) (noting the marital assets totaled $76,960 less debts of $20,449 but ordering the trial court to consider the payment of spousal support). *See also Wiege v. Wiege,* 518 N.W.2d 708 (N.D. 1994); *Heley v. Heley,* 506 N.W.2d 715 (N.D.1993).

[¶ 17] The marital estate here, as in *Sateren,* is small. The trial court was understandably concerned that requiring Richard Marschner to pay spousal support, in addition to the cash payment of $50,000 to be paid as property distribution, was a financial burden. The district court sought to preserve the family farm by awarding it to Richard Marschner. We have numerous times recognized the importance of preserving the viability of a business operation like a family farm. *See, e.g., Gibbon v. Gibbon,* 1997 ND 210, 569 N.W.2d 707, and cases cited therein. However, those decisions have also recognized this laudable purpose is to be achieved only if it is possible to do so without detriment to the other party. *See, e .g., Linrud v. Linrud,* 552 N.W.2d 342, 346 (N.D.1996) (noting that preserving the viability of business operations, such as a farm, "does not call for a windfall for one spouse.").

[¶ 18] Preserving the family farm is not to be done at all costs nor should it engulf all other factors. Rather, we have said its purpose is to avoid "the potential for economic hardship" if the farm is divided or sold. *Gibbon,* 1997 ND 210, ¶ 7, 569 N.W.2d 707. Here, the preservation of the farm appears to increase rather than decrease the potential for economic harm. Not only is Carol Marschner denied spousal support, her share of the marital estate, payable in cash, is, at Richard's option, payable over a period of ten years.

[¶ 19] Although this distribution may not be characterized as a "windfall" to Richard Marschner, the effect of the property distribution is to require Carol Marschner to forego spousal support because she is to receive her property distribution in a cash payment. As a result, she will be required to deplete her property distribution for living expenses. Richard Marschner will retain the farm. The farm may be encumbered after the payments are made to Carol Marschner but Richard Marschner will retain an income-producing asset while Carol Marschner will have depleted her share of the property distribution to find a residence and otherwise subsist. Property distribution and spousal support are overlapping issues and are to be considered together. *Sateren.* The property division, viewed in a vacuum, may appear equitable, but when the denial of spousal support is included in the analysis, it is not equitable.

[¶ 20] Although our decisions recognize liquidation of an ongoing farming or business operation is ordinarily a last resort, *e.g. Gibbon,* this may be such a case. This may be the situation in which it is not possible to preserve the family farm. If it is not an economically viable enterprise, it should be sold and the proceeds divided between the parties. *See, e.g., Schoenwald v. Schoenwald,* 1999 ND 93, 593 N.W.2d 350. If the operation is viable, it should be possible to award Carol Mar-

schner spousal support as well as her share of the marital estate.

[¶ 21] The trial court recognized Richard Marschner has greater earning ability but suggested the depressed farm economy may reduce his greater income-earning ability. It may. It may not. A depressed farm economy, although a too common occurrence, may improve in future years. If immediate spousal support cannot be paid in this case, the trial court should have reserved the issue. Then, when Richard Marschner has finished paying Carol Marschner her property distribution and has the total income from the farm for his own use and she has no income because she used her share of the property distribution to survive, the possibility of an award of spousal support may be considered. *van Oosting v. van Oosting,* 521 N.W.2d 93, 101 (N.D.1994); *Becker v. Becker,* 262 N.W.2d 478 (N.D.1978) (holding court does not have continuing jurisdiction to award spousal support where spousal support was not originally ordered and not reserved).

[¶ 22] We have affirmed the finding that the property Carol Marschner inherited should be included for purposes of property distribution. However, the net effect is to award Carol Marschner $50,000, payable over ten years at Richard Marschner's option, out of the estate the parties accumulated during 38 years of marriage. This result should be a factor favoring Carol Marschner in a spousal support award.

[¶ 23] We hold the trial court's finding that the preservation of the farm was the overreaching goal of the divorce proceeding, thereby denying any form of spousal support to Carol Marschner, was induced by an erroneous view of the law and therefore was clearly erroneous under N.D.R.Civ.P. 52(a). We remand to the trial court to further consider the matter of spousal support. The trial court may further consider an award of spousal support under the same or similar property distribution, it may order the sale of the farm and divide the proceeds, or it may consider some form of delayed spousal support. Although we believe the property distribution was an equitable distribution as ordered by the trial court, because issues of property division and spousal support are intertwined, *Fox v. Fox,* 1999 ND 68, 592 N.W.2d 541, the trial court may, if necessary, revisit the property distribution on remand.

[¶ 24] We reverse the judgment and remand for further proceedings consistent with this opinion.

[¶ 25] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 26] On appeal, the question is not whether the district court *could* have awarded spousal support to Carol Marschner, but whether the district court clearly erred by not awarding support. *Van Klootwyk v. Van Klootwyk,* 1997 ND 88, ¶ 32, 563 N.W.2d 377 (Sandstrom, J., dissenting). Because the district court's findings of no disadvantage and no need for spousal support are supported by the record, I would affirm. Because the majority substitutes its judgment for that of the district court, I respectfully dissent.

A

[¶ 27] Our cases have uniformly held a "spouse must be disadvantaged as a result of the divorce for rehabilitation or maintenance to be appropriate." *Wiege v. Wiege,* 518 N.W.2d 708, 711 (N.D.1994) (citing *Weir v. Weir,* 374 N.W.2d 858, 862 (N.D. 1985)). The majority, at ¶ 8, recognizes the district court found neither party was disadvantaged by the divorce. At ¶ 12, however, the majority says the court's finding of no disadvantage is clearly erroneous because:

> that finding conflicts with the record which clearly reflects both Carol Marschner and Richard Marschner devoted a large portion of their lives to the fami-

ly's farm. Carol Marschner will no longer be able to work the family farm in order to receive a return from that investment.... *It is apparent* that as a result of Carol Marschner's responsibilities as a homemaker and helper to Richard Marschner in the family operation she is a disadvantaged spouse who has " 'forgone opportunities or lost advantages as a consequence of the marriage and who has contributed during the marriage to the supporting spouse's increased earning capacity.' "

(Emphasis added). The majority substitutes the phrase "[i]t is apparent" for evidence; it substitutes stereotypes for facts in the record.

[¶ 28] The majority ignores Carol Marschner's award of nearly $84,000 in cash plus $50,000 with interest over the next ten years. The evidence does not support the conclusion that Carol Marschner has forgone any opportunity or lost any advantage as a result of her marriage. Further, the evidence does not establish Richard Marschner has an increased earning capacity. Rather, he has an asset that may or may not produce income, while Carol Marschner has cash.

[¶ 29] Although Carol Marschner can no longer derive income from the farm, it is illogical to conclude that the $134,000 she will receive cannot generate income. The majority's conclusion presupposes that Richard Marschner has an increased earning capacity, but the record does not support this supposition. At ¶ 15, the majority recognizes Richard Marschner may be unable to earn a living. At ¶ 13, the majority also recognizes that the liquid nature and income-producing nature of property are relevant to a spousal support determination. I agree with the district court, the farm may be an income-producing asset. I also agree Carol Marschner's cash settlement may be an income-producing asset. But I do not believe the majority should embrace one finding while ignoring the other.

[¶ 30] "We have held, if our Court can understand the factual basis upon which the trial court reached its conclusions from its findings of fact, we will not remand." *Young v. Young,* 1998 ND 83, ¶ 14, 578 N.W.2d 111. "One need only examine the legal references listing our cases to be aware we have repeatedly said the trial court's findings must be adequate to afford a clear understanding of the trial court's decision but if the Supreme Court understands from the findings the factual basis for the trial court's determination, the findings are adequately specific." *Id.* at ¶ 25 (VandeWalle, C.J., dissenting) (citations omitted). The district court's findings were "adequate," although they "might have been clearer." *Id.* at ¶ 26.

[¶ 31] The conclusion Carol Marschner was disadvantaged seems logical if one presupposes Richard Marschner has a greater earning ability. But the nearly equal property division and the findings of the district court adequately demonstrate that both parties have a nearly equal earning ability, "so neither is unfairly disadvantaged by the divorce." *Id.* at ¶ 30.

B

[¶ 32] Although the district court might have better articulated both parties' needs and Richard Marschner's ability to pay, the record demonstrates the district court considered these factors in reaching its conclusion. Even if Carol Marschner was disadvantaged, the majority does not address the needs of both parties and Richard Marschner's ability to pay. *See Moilan v. Moilan,* 1999 ND 103, ¶ 11, 598 N.W.2d 81 (citing *Kautzman v. Kautzman,* 1998 ND 192, ¶ 19, 585 N.W.2d 561) (indicating trial courts must consider the needs of both parties and the ability of the supporting spouse to pay support). Needs and ability to pay are analyzed using the *Ruff Fischer* guidelines—an analysis conspicuously absent from the majority opinion. *See id.* at ¶ 10 (to determine spousal support, district courts must consider the *Ruff Fischer* guidelines).

[¶ 33] Discussing the physical condition of the parties, the district court stated, "Both parties appeared to be fit for their respective ages; the Defendant has recovered from her aneurysm, although she complains of some arthritis and carpal tunnel syndrome; however, these do not warrant any special consideration." The district court further stated, "Neither party is claiming any special circumstance or needs other than what has been addressed in different areas of this opinion."

[¶ 34] At trial, when asked whether she had lasting effects from her aneurysm, Carol Marschner replied, "I sure don't think so." She proceeded to explain she feels even better without "all the pressures that was [sic] put on me out there at the farm." She did, however, testify she suffers from asthma, rheumatoid arthritis, blood pressure ailments, and a heart condition. The district court discounted these claimed ailments, stating they "do not warrant any special consideration."

[¶ 35] The district court concluded Carol Marschner acquired bookkeeping and typing skills during the marriage, which would help her obtain employment. Carol Marschner testified she has sold seed grain and has been employed as a bus driver.

[¶ 36] Richard Marschner testified regarding his diminished income and corresponding ability to pay support. He testified his income from selling milk had dropped by a third, he was receiving over two dollars less per bushel for his grain, and he had been able to plant only one-third of his crop due to heavy moisture. The district court specifically cited the depressed farm economy and lack of profit on the family farm in equitably distributing the marital property.

[¶ 37] The record demonstrates the district court properly weighed the parties' needs and Richard Marschner's ability to pay. Although Carol Marschner was unemployed at the time of trial and may have had to temporarily and minimally deplete her property settlement in order to live, the district court's findings establish Richard Marschner's earning advantage, if any, would be ephemeral. It is logical to also presume Richard Marschner will have to deplete his property settlement. Both parties are reaching their advanced years, and, unfortunately, because of their limited marital assets, both will likely have to work after the divorce.

[¶ 38] Our equitable distribution cases encourage trial courts to consider factors such as the income-producing nature or the liquid nature of an asset. *Wetzel v. Wetzel,* 1999 ND 29, ¶ 20, 589 N.W.2d 889 (citing *Wiege,* 518 N.W.2d at 711). Here, in light of the district court's thorough review of the *Ruff Fischer* guidelines, the lack of evidence establishing Carol Marschner's needs, and the evidence demonstrating Richard Marschner's needs and ability to pay, I am not left with a firm and abiding conviction a mistake has been made.

C

[¶ 39] Whether the district court *could* have awarded spousal support to Carol Marschner is not at issue. Our query is whether the district court clearly erred by not awarding spousal support. Because the district court's findings are supported by the record, I would affirm. Because the majority has substituted its judgment for that of the district court, I respectfully dissent.

[¶ 40] DALE V. SANDSTROM

NEUMANN, Justice, dissenting.

[¶ 41] I, too, respectfully dissent. I believe the majority has retried the case, based on the evidence and on the facts in the record.

[¶ 42] As has been pointed out, the parties' farming operation faces a very uncertain future. The trial court has tried to spread the risk of that uncertainty fairly and equitably. While I might have found facts somewhat differently, and particular-

ly might have reserved the possibility of a future award of spousal support, what I might have preferred to do as a trial judge is not our standard of review. Confronted as it was with so much uncertainty as to the parties' economic futures, I cannot say the result reached by the trial court was clearly erroneous. I would affirm.

[¶ 43] WILLLIAM A. NEUMANN