2002 ND 67

**Richard Henry MARSCHNER, Plaintiff and Appellee,**

v.

**Carol MARSCHNER, Defendant and Appellant.**

**No. 20010220.**

Supreme Court of North Dakota.

April 16, 2002.

Kelly A. Dillon, Minot, for defendant and appellant.

Michael S. McIntee of McIntee Law Firm, Towner, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Carol Marschner appeals from the trial court's judgment retaining the original distribution of marital assets, and reserving jurisdiction over the issue of spousal support until after the ten-year period for the payment of the property

distribution has been completed. We affirm.

## I

[¶ 2] Carol Marschner and Richard Marschner married in 1962. Carol Marschner spent her married life on the farm where she fulfilled the duties of a wife and mother, and she assisted in various aspects of the farming operations. Both parties are in their sixties. Carol Marschner has some health problems, but her primary obstacles in obtaining meaningful employment are limited skills needed in the job market. Richard Marschner also has some health problems, but none that prevent him from working on the farm.

[¶ 3] The parties' divorce was tried on September 8, 1999. The trial court issued its opinion on January 7, 2000. The court awarded Richard Marschner the farm operation and equipment valued at $168,779. The court awarded Carol Marschner her inheritance of $83,933, and a cash award of $50,000. The trial court did not award spousal support. Carol Marschner moved for a new trial alleging certain errors and, subsequently, appealed the trial court's new findings. This Court reversed and remanded for reconsideration of the spousal support issue. *Marschner v. Marschner*, 2001 ND 4, 621 N.W.2d 339. The hearing on remand was held April 19, 2001. The trial court concluded there was no additional evidence presented requiring reconsideration of the distribution of the parties' assets. The trial court reserved consideration of a spousal support award and retained jurisdiction over the issue until the ten-year property distribution has been completed. Carol Marschner appeals, arguing the trial court erred in failing to award immediate spousal support or redistribute the marital estate.

## II

[¶ 4] The trial court's determinations regarding valuation and division of marital property are findings of fact and will not be reversed unless they are clearly erroneous. *Dufner v. Dufner*, 640 N.W.2d 694, 2002 ND 47, ¶ 8. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, the reviewing court is left with a definite and firm conviction a mistake has been made. *Zeller v. Zeller*, 2002 ND 35, ¶ 5, 640 N.W.2d 53. The burden is on the complaining party to demonstrate on appeal that a trial court's finding of fact is clearly erroneous. *Barth v. Barth*, 1999 ND 91, ¶ 7, 593 N.W.2d 359.

[¶ 5] This Court initially considered this case in *Marschner v. Marschner*, 2001 ND 4, 621 N.W.2d 339. We determined the trial court's original finding denying spousal support to Carol Marschner was induced by an erroneous view of the law. *Id.* at ¶ 23. We reversed the judgment and remanded, stating:

> We remand to the trial court to further consider the matter of spousal support. The trial court may further consider an award of spousal support under the same or similar property distribution, it may order the sale of the farm and divide the proceeds, or it may consider some form of delayed spousal support. Although we believe the property distribution was an equitable distribution as ordered by the trial court, because issues of property division and spousal support are intertwined, *Fox v. Fox*, 1999 ND 68, 592 N.W.2d 541, the trial court may, if necessary, revisit the property distribution on remand.

*Id.*

[¶ 6] On remand, the trial court reviewed the parties' property and financial conditions. The trial court determined its

initial property distribution was correct. The trial court concluded Richard Marschner did not have the financial means to make spousal support payments in addition to the monthly property distribution payment. In reserving its jurisdiction over this matter, the trial court stated:

> Consequently, pursuant to the options as presented to the trial court by the North Dakota Supreme Court, the trial court shall reserve the issue of spousal support and continue its jurisdiction over it until after the ten-year period from date of judgment that was ordered for the payment of the property distribution. It appears to the trial court this would be the appropriate time to review the needs and abilities of both parties to award a reasonable amount of spousal support.

## III

[¶ 7] Carol Marschner argues the trial court clearly erred in failing to award immediate spousal support. She claims the trial court failed to give sufficient weight to evidence pertaining to her health and financial needs. She asserts that because of her debilitating heart condition and lack of skills it is unlikely and unreasonable to expect that she will be able to obtain employment.

[¶ 8] At trial and on remand, Carol Marschner argued she was suffering from medical problems, and claimed her medical conditions prevent her from being employed. However, she did not submit any medical evidence to substantiate her claims of poor medical condition, nor did she provide the trial court with any evidence indicating she is unable to obtain employment. Based on the evidence presented, we conclude the trial court did not err in reserving its jurisdiction to grant delayed spousal support if necessary.

## IV

[¶ 9] Carol Marschner argues the trial court erred in refusing to redistribute the marital property. She claims Richard Marschner failed to disclose an interest in three quarters of land his parents had gifted him, and argues under N.D.C.C. § 14–05–24 the trial court may redistribute property in a post-judgment proceeding when a party fails to disclose property.

[¶ 10] At the time of the original trial, Richard Marschner had a one-quarter remainder interest in a life estate. After the trial, the life estate terminated leaving three quarters of property, part of which contained a residence in Kongsberg, North Dakota. The trial court determined the value would not justify an adjustment to its earlier findings concerning the farm and property distribution. A trial court's valuation of marital property depends on the evidence presented by the parties. *Olson v. Olson*, 2002 ND 30, ¶ 7, 639 N.W.2d 701. Carol Marschner presented no evidence regarding the value of Richard Marschner's one-quarter interest in the property. The burden was on Carol Marschner to demonstrate the trial court erred in not determining the value of the property. *See Barth v. Barth*, 1999 ND 91, ¶ 7, 593 N.W.2d 359. In failing to produce any evidence regarding the value of Richard Marschner's interest, Carol Marschner failed to meet her burden of establishing the trial court's findings of fact on valuations and division of marital property are clearly erroneous. *See Grinaker v. Grinaker*, 553 N.W.2d 204, 209 (N.D.1996).

## V

[¶ 11] We affirm the judgment of the trial court retaining the original distribution of marital assets, and reserving jurisdiction over the issue of spousal support

until after the payment of the property distribution has been completed.

[¶ 12] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.