2013 ND 142

**Jerome P. SCHIFF, Plaintiff and Appellee**

v.

**Deborah F. SCHIFF, Defendant and Appellant.**

No. 20120394.

Supreme Court of North Dakota.

Aug. 29, 2013.

Michael S. McIntee, Towner, ND, for plaintiff and appellee.

Patti Jo Jensen, East Grand Forks, MN, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Deborah F. Schiff appeals a district court judgment denying her spousal support. We affirm.

I

[¶ 2] Deborah Schiff and Jerome P. Schiff were married in 1976. They have three children, all above the age of majority. On April 7, 2011, Jerome Schiff commenced a divorce action, seeking an equitable division of the marital property. Deborah Schiff filed a counterclaim, seeking permanent spousal support. Jerome Schiff was 59 years old at the time of trial, has a high school diploma and has been a plumber since 1973. He owns his own plumbing business. Deborah Schiff was 58 years old at the time of trial and has an associate's degree in nursing. She has been a registered nurse since 1975, has been working as the county public health nurse and had annual temporary employment as a summer camp nurse.

[¶ 3] The district court held a trial, granted the divorce and found both parties equally responsible for the marital dissolution. Deborah Schiff's request for spousal support was denied. The district court divided the marital property. The district court awarded Deborah Schiff the marital home, the adjacent shop building, the lake cabin, certificates of deposit and retirement accounts, with a combined value of $516,815. She was responsible for $50,497 in marital debt, resulting in a property award with a net value of $466,318. The district court awarded Jerome Schiff the business property and farmland, among other items, with a combined value of $608,887. He was responsible for $52,277

in marital debt, resulting in a property award with a net value of $556,610. The district court ordered Jerome Schiff to pay a cash payment of $45,146 to Deborah Schiff to equalize the disparity in the value of the property awards.

## II

[¶ 4] Deborah Schiff argues the district court's denial of her request for spousal support was clearly erroneous. She argues the district court failed to consider the *Ruff–Fischer* factors and erred by awarding Jerome Schiff the income-producing property. "A district court's finding of spousal support is a finding of fact subject to review under the clearly erroneous standard." *Woodward v. Woodward*, 2013 ND 58, ¶ 5, 830 N.W.2d 82. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, no evidence exists to support the finding, or this Court is convinced, based on the entire record, a mistake has been made." *Id.* (quotation omitted).

[¶ 5] Spousal support may be awarded under N.D.C.C. § 14–05–24.1. To determine whether spousal support is appropriate, the court considers the *Ruff–Fischer* factors, which include:

"the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material."

*Woodward*, 2013 ND 58, ¶ 4, 830 N.W.2d 82 (quotation omitted); *see Fischer v. Fischer*, 139 N.W.2d 845, 852 (N.D.1966); *Ruff v. Ruff*, 78 N.D. 775, 784, 52 N.W.2d 107, 111 (1952). "The court must also con-

sider the needs of the spouse seeking support and the ability of the other spouse to pay." *Woodward*, at ¶ 4 (quotation omitted). "The court does not need to make a finding on every factor, but must explain the rationale for its decision." *Id.*

[¶ 6] The district court did not make separate findings under each of the *Ruff–Fischer* factors. Instead, the district court found:

"[Deborah Schiff] is an educated and professional woman who is able bodied and currently employed. While she would like to retire soon, this is not a special right she has earned by her marriage to [Jerome Schiff]. Her health issues do not prevent her from working until a more typical retirement age. She will also receive a reasonable amount of marital equity for her use and support following this divorce."

Regarding the division of the marital property, the district court stated:

"The Court has considered the Ruff–Fischer guidelines in distribution of the net marital estate and the established concept of each receiving approximately 50% of the marital estate unless there is reason to deviate from an equal split. The parties agree to an equal split of the marital estate but dispute some values and which party should receive the property. The Court will also consider, when possible or appropriate, the individual property requests of the parties."

The district court concluded, "[Deborah Schiff] is an able-bodied woman capable of earning a reasonable income until she reaches retirement age, and being awarded sufficient marital assets, so no spousal support is awarded."

[¶ 7] Deborah Schiff argues the district court's analysis was inadequate. "The court does not need to make a finding on every factor, but must explain the rationale for its decision." *Woodward*,

2013 ND 58, ¶ 4, 830 N.W.2d 82. Although the district court must adequately explain the basis for its decision, "we will not reverse a district court's decision when valid reasons are fairly discernable, either by deduction or by inference." *Pearson v. Pearson*, 2009 ND 154, ¶ 13, 771 N.W.2d 288 (quotation omitted). Here, the district court made findings regarding the parties' ages, occupations and earning abilities, conduct during the marriage, station in life, health and physical condition, financial circumstances, property owned and other relevant matters. The district court concluded Deborah Schiff would be able to continue to earn a reasonable income until retirement and was awarded sufficient assets, from which we can deduce the district court concluded Deborah Schiff did not demonstrate a need for spousal support. The district court's decision to not award Deborah Schiff spousal support was not clearly erroneous.

### III

■■■ [¶ 8] Deborah Schiff argues the district court erred by awarding Jerome Schiff the business property and farmland. She argues the lack of an award of income producing property and lack of spousal support will require her to deplete her marital equity for her support. "Relevant to a spousal support determination is the distribution of marital property, the liquid nature of the property, and the income-producing nature of property." *Marschner v. Marschner*, 2001 ND 4, ¶ 13, 621 N.W.2d 339. "Property distribution and spousal support are interrelated and must be considered together." *Martiré v. Martiré*, 2012 ND 197, ¶ 30, 822 N.W.2d 450. "A district court's distribution of marital property is treated as a finding of fact, which we review under the clearly erroneous standard of review." *Hoverson v. Hoverson*, 2013 ND 48, ¶ 8, 828 N.W.2d 510. The district court must "equitably

divide the entire marital estate under the *Ruff–Fischer* guidelines." *Id.* at ¶ 9.

[¶ 9] Deborah Schiff relies on *Marschner*, where we reversed and remanded a trial court's award of a family farm solely to the husband. 2001 ND 4, ¶ 23, 621 N.W.2d 339. There, the district court awarded the parties equal shares of the marital property but awarded the "income-producing asset" solely to the husband, with no spousal support for the wife. *Id.* at ¶ 14. We stated, "[A] disadvantaged spouse is not required to deplete her property distribution in order to live." *Id.* at ¶ 16. We held, "The property division, viewed in a vacuum, may appear equitable, but when the denial of spousal support is included in the analysis, it is not equitable." *Id.* at ¶ 19.

[¶ 10] First, the concept of a disadvantaged spouse is not a separate legal consideration but part of the *Ruff–Fischer* analysis. *Krueger v. Krueger*, 2008 ND 90, ¶ 9, 748 N.W.2d 671. Second, under any analysis, unlike the wife in *Marschner*, Deborah Schiff is not a disadvantaged spouse. The district court found Deborah Schiff is an educated and professional woman still able to maintain her current employment. In *Marschner*, the wife had been a homemaker for the majority of the marriage and had "foregone opportunities or lost advantages as a consequence of the marriage and who has contributed during the marriage to the supporting spouse's increased earning capacity." 2001 ND 4, ¶ 12, 621 N.W.2d 339 (quotation omitted). Here, Deborah Schiff has been a registered nurse since 1975 and has been consistently employed through the marriage. Both Deborah Schiff and Jerome Schiff have similar incomes and both are approaching regular retirement age within the next several years. Moreover, the marital estate in *Marschner* was small. *Id.* at ¶ 17. The husband there was

awarded both the farmland and the marital home. *Id.* at ¶ 12. Here, the marital estate was extensive, with a value of over one million dollars. Deborah Schiff's property award was valued at $466,318, which included the marital home, and she was awarded a cash payment of $45,146. The facts in *Marschner* are neither helpful nor controlling in this case.

[¶ 11] The district court noted the parties agreed to an equal split of the marital estate but disputed some values and which party should receive particular assets. The district court stated it considered the *Ruff–Fischer* factors and the requests of the parties and found Jerome Schiff arranged to purchase the farmland from his family in 1995. The district court's decision was based on sufficient evidence and is not clearly erroneous.

### IV

[¶ 12] Deborah Schiff argues the district court's valuation of the marital assets was clearly erroneous. "A district court's valuation of property is a finding of fact and will only be reversed on appeal if it is clearly erroneous." *Dronen v. Dronen,* 2009 ND 70, ¶ 23, 764 N.W.2d 675. "A district court's valuation of property is presumed correct." *Id.* (quotation omitted). "We view the evidence presented in the light most favorable to the district court's findings of fact." *Id.* "When the district court's valuation is within the range of evidence provided by the parties, the district court's valuation will not be set aside, unless this Court has a definite and firm conviction a mistake has been made." *Id.* (quotation omitted).

[¶ 13] The parties' valuations of the assets differed. Deborah Schiff valued the marital home at $75,000 and assigned no value to the appliances, labeling them as fixtures. Jerome Schiff valued the marital home at $90,000 and included values for the appliances. The district court's valua-

tion was within the range of evidence presented. *Dronen,* 2009 ND 70, ¶ 23, 764 N.W.2d 675. We affirm the district court's valuation of the marital assets.

### V

[¶ 14] Deborah Schiff argues the district court's finding her medical bills and a portion of her attorney fees were not part of the debts of the marital estate was clearly erroneous. "All of the marital assets and debts must be included for the court to distribute the marital assets under the *Ruff–Fischer* guidelines." *Brandner v. Brandner,* 2005 ND 111, ¶ 6, 698 N.W.2d 259. "Once all property and debts of the parties are included, a trial court may consider which of the parties has incurred particular debts, and the purposes for which those debts were incurred, in determining an equitable allocation of the responsibility for repayment." *Neidviecky v. Neidviecky,* 2003 ND 29, ¶ 11, 657 N.W.2d 255.

[¶ 15] The district court found Deborah Schiff's $3,000 medical bill was "based upon her deductible costs from her insurance coverage. This is not a marital debt." The district court also found both parties were responsible for their respective attorney fees, but reduced Deborah Schiff's amount of attorney fees included in the calculation of marital debt from $37,273 to $30,000. Deborah Schiff argues these debts should have been included in the district court's calculation of the marital debt because they were accumulated after the parties' separation but before the divorce. Generally, "assets accumulated after separation but prior to divorce are included in the marital estate." *Kosobud v. Kosobud,* 2012 ND 122, ¶ 7, 817 N.W.2d 384. Deborah Schiff's medical bill was incurred during the marriage, and the district court's finding it was not marital debt was erroneous. However, "[a] court may

properly order that a party to a divorce assume separate indebtedness incurred since the separation." *Id.* at ¶ 13 (holding a wife's attorney fees were properly excluded from the marital property and debt listing in the divorce decree).

[¶ 16] Given the size of the marital estate in this case, these debts are relatively small. "A relatively insignificant error in valuation of a marital asset will not, standing alone, constitute sufficient grounds for reversal of the judgment." *Halvorson v. Halvorson,* 482 N.W.2d 869, 872 (N.D.1992). In *Halvorson,* we held, "Assuming that the court erred in its valuation, it was de minimis and an insignificant error that does not justify reversal in a case involving a marital estate of over $600,000." *Id.* Here, assuming the district court erred in calculating the marital estate, the error was insignificant and cannot, standing alone, constitute sufficient grounds for reversal of the district court's judgment.

### VI

[¶ 17] The district court judgment is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, dissenting.

[¶ 19] I, respectfully, dissent from parts II and III of the majority opinion. I am of the opinion the trial court clearly erred in its decision with regard to spousal support and property distribution. I would reverse the trial court's decision and remand for sufficient findings as to Deborah Schiff's need for spousal support and Jerome Schiff's ability to pay spousal support and for a proper application of the *Ruff–Fischer* guidelines.

[¶ 20] When awarding spousal support, the trial court must consider the support-ing spouse's needs and ability to pay and the receiving spouse's income and needs. *Paulson v. Paulson,* 2010 ND 100, ¶ 11, 783 N.W.2d 262 (citing *Gustafson v. Gustafson,* 2008 ND 233, ¶ 6, 758 N.W.2d 895); *see also Lindberg v. Lindberg,* 2009 ND 136, ¶ 28, 770 N.W.2d 252. "'This Court has not adopted the "minimalist doctrine"—one where the only determination is whether the recipient of support is merely "self-supporting."'" *Paulson,* at ¶ 11 (quoting *Moilan v. Moilan,* 1999 ND 103, ¶ 11, 598 N.W.2d 81 (quoting *Van Klootwyk v. Van Klootwyk,* 1997 ND 88, ¶¶ 15–16, 563 N.W.2d 377)). The trial court "must consider the needs of the spouse seeking support and the ability of the other spouse to pay in conjunction with the *Ruff–Fischer* guidelines." *Hoverson v. Hoverson,* 2013 ND 48, ¶ 14, 828 N.W.2d 510. Under the *Ruff–Fischer* guidelines, the trial court considers:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, *its income-producing capacity,* if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Hoverson,* at ¶ 9 (emphasis added); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966); *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (N.D.1952).

[¶ 21] This Court will reverse a spousal support decision if the trial court fails to make sufficient findings with regard to the parties' needs and ability to pay. *See Paulson,* 2010 ND 100, ¶ 15, 783 N.W.2d 262 (holding the trial court failed to analyze the parties' needs and ability to pay and reversing and remanding for appropri-

ate findings and analysis under the *Ruff–Fischer* guidelines); *Lindberg*, 2009 ND 136, ¶ 33, 770 N.W.2d 252 (holding the trial court failed to state the basis for its spousal support decision and reversing and remanding for additional findings); *Shields v. Shields*, 2003 ND 16, ¶ 12, 656 N.W.2d 712 (reversing the trial court's denial of spousal support based on insufficient findings and remanding for reconsideration of the parties' needs and the husband's ability to pay).

[¶ 22] In *Paulson*, this Court concluded the trial court failed to analyze the spouse's needs and the supporting spouse's ability to pay. 2010 ND 100, ¶ 15, 783 N.W.2d 262. Furthermore, this Court held the trial court was *required* to analyze the *Ruff–Fischer* guidelines in making spousal support decisions, "which includes more than disparity of income." *Id.*

[¶ 23] Here, the trial court denied Deborah Schiff's request for spousal support. The trial court found:

> [Deborah Schiff] is an educated and professional woman who is able bodied and currently employed. While she would like to retire soon, this is not a special right she has earned by her marriage to [Jerome Schiff]. Her health issues do not prevent her from working until a more typical retirement age. She will also receive a reasonable amount of marital equity for her use and support following this divorce.

The trial court also found Deborah Schiff earns approximately $2,735 per month while Jerome Schiff's current gross income is $47,290 or approximately $3,950 per month. The trial court did not make any findings with respect to Deborah Schiff's need for spousal support or Jerome Schiff's need and ability to pay spousal support. Without sufficient findings of fact, this Court is unable to discern the basis for the trial court's decision. Therefore, I would reverse for sufficient findings

of fact with regard to the parties' needs and Jerome Schiff's ability to pay spousal support.

[¶ 24] The trial court justifies the spousal support decision by finding "[Deborah Schiff] will receive a reasonable amount of the marital equity for her use and support following this divorce." This conclusion is disingenuous. The trial court found "because [Jerome Schiff] is awarded the real property, a cash settlement must be provided to [Deborah Schiff] to make the distribution equitable." Among the real property awarded to Jerome Schiff is all of the marital estate's incoming-producing property, namely the farming operation. Under the *Ruff–Fischer* guidelines, the trial court in awarding spousal support and property distribution must consider "[the parties] financial circumstances as shown by the property owned at the time, its value at the time, [and] *its income-producing capacity*, if any. . . ." *Paulson*, 2010 ND 100, ¶ 9, 783 N.W.2d 262, *Lindberg*, at ¶ 28; *Shields*, 2003 ND 16, ¶ 7, 656 N.W.2d 712.

[¶ 25] This Court has reversed and remanded a trial court's spousal support decision when the trial court's spousal support decision required a spouse to deplete her cash property distribution as a basis for support while awarding the other spouse income-producing property. *See Marschner v. Marschner*, 2001 ND 4, ¶ 16, 621 N.W.2d 339; *see also Sateren v. Sateren*, 488 N.W.2d 631, 634–35 (N.D.1992). In *Marschner*, the trial court did not award Carol Marschner spousal support, concluding that once Carol Marschner received her cash inheritance and cash settlement she would no longer need spousal support. *Marschner*, at ¶ 9. This Court noted the parties received a "virtually equal share of the family assets, either in cash or in property." *Id.* at ¶ 14. Richard Marschner received the income-producing

assets, the family farm, while Carol Marschner received a cash settlement. *Id.* at ¶¶ 9, 14. However, this Court concluded:

> Although this distribution may not be characterized as a "windfall" to Richard Marschner, the effect of the property distribution is to require Carol Marschner to forego spousal support because she is to receive her property distribution in a cash payment. As a result, she will be required to deplete her property distribution for living expenses. Richard Marschner will retain the farm.... Richard Marschner will retain an income-producing asset while Carol Marschner will have depleted her share of the property distribution to find a residence and otherwise subsist.

*Id.* at ¶ 19. This Court reversed and remanded for reconsideration of the spousal support decision and the property distribution. *Id.* at ¶ 23.

[¶ 26] This case is virtually identical to the facts in *Marschner*. Here, Jerome Schiff was awarded all of the income-producing assets, which consisted of the farming operation, while Deborah Schiff was awarded a cash settlement. While preserving a family farm is a "laudable purpose," it "is to be achieved *only if* it is possible to do so without detriment to the other party." *Id.* at ¶ 17. "Preserving the family farm is not to be done at all costs nor should it engulf all other factors. Rather, we have said its purpose is to avoid the potential for economic hardship if the farm is divided or sold." *Id.* at ¶ 18 (quotation omitted). The trial court relied on Deborah Schiff's cash settlement to conclude Deborah Schiff was not entitled to spousal support. A "spouse is not required to deplete her property distribution in order to live." *Id.* at ¶ 16. I am of the opinion the trial court misapplied the *Ruff–Fischer* guidelines and the spousal support decision is clearly erroneous.

[¶ 27] Further, I am of the opinion the property distribution is clearly erroneous. An equitable distribution of property should account for disparate division of income-producing property awarded to each spouse. *Sanford v. Sanford*, 301 N.W.2d 118, 127 (N.D.1980). In *Sanford*, Reed Sanford "received the bulk of the parties' real estate and stock holdings" while Glenda Sanford "received predominantly cash awards." *Id.* Based on the disparity in the division of income-producing property, in addition to the parties' mutual efforts to accumulate the income-producing property, this Court held the property distribution was clearly erroneous. *Id.* at 127–28.

[¶ 28] Here, the trial court awarded Jerome Schiff all of the income-producing property and Deborah Schiff a cash settlement. Although the property distribution is approximately a 50% split, when viewed with the trial court's denial of spousal support and the income-producing capacity of the assets each party received, the spousal support award and the property distribution are clearly erroneous. *See Marschner*, 2001 ND 4, ¶ 19, 621 N.W.2d 339 ("The property division, viewed in a vacuum, may appear equitable, but when the denial of spousal support is included in the analysis it is not equitable.").

[¶ 29] Therefore, I would reverse and remand for sufficient findings with regard to Deborah Schiff's need for spousal support and Jerome Schiff's needs and ability to pay spousal support and for a proper application of the *Ruff–Fischer* guidelines with regard to spousal support and property distribution.

[¶ 30] MARY MUEHLEN MARING.